IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Yolanda Bruce, | Case No.: 3:20-cv-128 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company, American Honda Finance Corporation, a foreign corporation, and Ally Financial, Inc., a foreign corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, YOLANDA BRUCE, BY AND THROUGH COUNSEL, MATTHEW LANDREAU, ESQ., and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the Community of Fort Mitchell, Russell County, Alabama.

4. Venue is proper in the Middle District of Alabama, Eastern Division.

## PARTIES

5. Plaintiff is a natural person residing in Community of Fort Mitchell, Russell County, Alabama.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the state of Alabama;

   b. American Honda Finance Corporation ("Honda") is a foreign corporation that conducts business in the state of Alabama; and

   c. Ally Financial, Inc. ("Ally") is a foreign corporation that conducts business in the state of Alabama.

## GENERAL ALLEGATIONS

7. Honda and Ally (collectively "Furnishers") are inaccurately reporting their tradelines ("Errant Tradelines") with erroneous scheduled monthly payment amounts on Plaintiff's Equifax and Trans Union credit disclosures.

2

8. Honda is inaccurately reporting its tradeline on Plaintiff's Equifax and Trans Union credit disclosures with an erroneous monthly payment amount of $669.00.

9. Ally is inaccurately reporting its tradeline on Plaintiff's Trans Union credit disclosure with an erroneous monthly payment amount of $884.00.

10. The accounts reflected by the Errant Tradelines were paid and closed. Plaintiff no longer has an obligation to make monthly payments to the Furnishers.

11. On August 5, 2018, Plaintiff obtained her Equifax and Trans Union credit disclosures. While reviewing her credit disclosures, Plaintiff noticed the Errant Tradelines inaccurately reporting with erroneous monthly payment amounts.

12. On or about November 19, 2018, Plaintiff submitted letters to Equifax and Trans Union, disputing the Errant Tradelines.

13. In her dispute letters, Plaintiff explained that the accounts reflected by the Errant Tradelines were paid and closed. Plaintiff no longer has an obligation to make monthly payments the Furnishers. Plaintiff asked Equifax and Trans Union to report the Errant Tradelines with the monthly payment amount of $0.00.

14. Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers.

15. The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union.

16. The Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

17. In response to Plaintiff's dispute, the Furnishers verified to Equifax and Trans Union that its reporting of its Errant Tradelines were accurate.

18. Plaintiff had not received Equifax's investigation results. Therefore, on January 10, 2019, Plaintiff obtained her Equifax credit disclosure, which showed that Equifax and Honda failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradeline.

19. Plaintiff had not received Trans Union's investigation results. Therefore, on January 10, 2019, Plaintiff obtained her Trans Union credit disclosure, which showed that Trans Union and the Furnishers failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradelines.

20. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or

more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HONDA

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the scheduled monthly payment amount, Honda negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

23. Honda negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax and Trans Union to report the Errant Tradeline with a $0.00 monthly payment amount.

24. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union, to which it is reporting such tradeline.

25. As a direct and proximate cause of Honda's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

5

26. Honda is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. Plaintiff has a private right of action to assert claims against Honda arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Honda for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HONDA

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Honda willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax and Trans Union to report the Errant Tradeline with a $0.00 monthly payment amount.

30. Honda willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of Honda's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. Honda is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Honda for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. After being informed by Trans Union of Plaintiff's consumer dispute of the scheduled monthly payment amount, Ally negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

35. Ally negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15

USC 1681s-2(b) and failed to direct Trans Union to report the Errant Tradeline with a $0.00 monthly payment amount.

36. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union, to which it is reporting such tradeline.

37. As a direct and proximate cause of Ally's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. Ally is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

39. Plaintiff has a private right of action to assert claims against Ally arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Ally for damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, Ally willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to report the Errant Tradeline with a $0.00 monthly payment amount.

42. Ally willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

43. As a direct and proximate cause of Ally's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

44. Ally is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Ally for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

47. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

48. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

49. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

54. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

55. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

56. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 19, 2020

By: */s/ Matthew Landreau*
Matthew Landreau, Esq.
AL Bar No. LAN079
Credit Repair Lawyers of America
22142 West Nine Mile Rd
Southfield, MI 48033
Telephone: (248) 353-2882
Fax: (248) 353-4840
Email: matt@crlam.com
*Attorneys for Plaintiff,*
*Yolanda Bruce*