IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:20-cv-00128-ECM |
| | ) | (WO) |
| AMERICAN HONDA FINANCE | ) | |
| CORPORATION, *and* ALLY | ) | |
| FINANCIAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

### I.    INTRODUCTION

Now pending before the Court is Defendant American Honda Finance Corporation's ("AHFC") motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). (Doc. 42).[1]  The question before the Court is whether the Fair Credit Reporting Act (FCRA) prohibits a finance corporation from publishing a credit report that identifies a former loan as "closed" with a $0 balance, when it also identifies the loan as having a "monthly payment" of $669.  The Plaintiff, Yolanda Bruce, argues that the "monthly payment" line on the credit report creates the impression that she still has an outstanding loan and has upcoming payments each month of $669.  AHFC argues in turn that the credit

---

[1] The Court will refer to the page numbers generated by CM/ECF.

report obviously shows that her loan is no longer outstanding because it says "closed" and shows a balance of $0.  Both Parties point to case law that supports their arguments.

For the following reasons, AHFC is entitled to judgment on the pleadings, and the motion is due to be GRANTED.

## II.   JURISDICTION

The Court exercises federal subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

Personal jurisdiction and venue are uncontested.

## III.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  A motion for judgment on the pleadings is evaluated similarly to a motion to dismiss under FED. R. CIV. P. 12(b)(6). First, the court "accept[s] as true all material facts alleged in the non-moving party's pleading," and then it "view[s] those facts in the light most favorable to the non-moving party." *Powers v. Secretary, U.S. Homeland Security*, 846 F. App'x 754, 757 (11th Cir. 2021) (quoting *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014)).  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez*, 774 F.3d at 1335.  The court therefore compares the Complaint and Answer to determine whether there is a dispute of fact. *Id.*  If so, the motion for judgment on the pleadings must be denied. *Id.*

Overall, "[t]he ultimate question on a motion for judgment on the pleadings under Rule 12(c) is the same as on a motion to dismiss under Rule 12(b)(6)—whether the

complaint states a claim for relief." *Powers*, 846 F. App'x at 757.   And to determine whether the complaint states a claim for relief, the court reviews the complaint under the familiar standard of FED. R. CIV. P. 8(a)(2): the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   And, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   A plaintiff's claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV.   BACKGROUND

The Plaintiff is a citizen of Alabama, and AHFC is a foreign corporation conducting business in Alabama.   On August 5, 2018, the Plaintiff received her credit disclosures, and she took issue with the contents of the report.   Specifically, she was concerned about the description of her loans from Defendants Ally Financial, Inc. and AHFC.   Both were fully paid by that time.   Regarding the AHFC loan, the report provided by Trans Union included lines which read:

|  |  |
|---|---|
| Account Status | Closed |
| . . . Monthly Payment | $669 |
| . . . Balance | $0 |

(Doc. 42-2 at 9).[2]   And the report provided by Equifax included lines which read:

---

[2] AHFC filed the Plaintiff's credit reports as exhibits to its motion for judgment on the pleadings.   The Plaintiff does not dispute their authenticity.   Like in a motion to dismiss, a court generally does not consider exhibits not attached to the pleadings when ruling on a motion for judgment on the pleadings.   Otherwise, the motion would be converted to a motion for summary judgment. *See Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005); *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014).

| Account Status | Closed – Paid and Closed |
|---|---|
| . . . Monthly Payment | $669 |
| . . . Balance | $0 |

(Doc. 42-1 at 5).  The Plaintiff asserts that the reports should not have contained the "monthly payment" amount for her AHFC loan, since that loan was already closed.  She argues the "monthly payment" line is an inaccurate—or "Errant"—tradeline.  Specifically, she argues that, by including the monthly payment amount, the credit reports from AHFC create the impression that she still owes $669 every month.  Accordingly, the Plaintiff filed a dispute letter with Equifax on November 19, 2018, (doc. 42-2 at 2–3), and with Trans Union on the same day, (doc. 42-2 at 4–5).  Both Equifax and Trans Union reviewed her dispute, but ultimately her credit reports did not change. (Doc. 42-3 at 3–10).

The Plaintiff filed her complaint on February 24, 2020, alleging financial and emotional damages due to Errant Tradeline reporting by Defendants AHFC and Ally Financial, Inc. (Doc. 1).  Defendant Ally Financial, Inc. filed its answer on June 3, 2020, (doc. 29), and Defendant AHFC filed its answer and affirmative defenses on June 9, 2020, (doc. 31).  AHFC "admits that the account identified . . . was paid in full and closed." (Doc. 32 at 2).  AHFC also admits that the Plaintiff filed a dispute letter—AHFC even attached the Plaintiff's dispute letter to the motion. (Doc. 42-2).  AFHC denies, however, "that its credit reporting or tradeline was 'errant' or otherwise violated the FCRA." (Doc. 32 at 2–3).

_____

However, the exhibits to the motion in this case are referred to in the Complaint and are central to the Plaintiff's claim.  The documents include the Plaintiff's credit report, the Plaintiff's dispute letters, and the resolution of her dispute letters. (Docs. 42-1, 42-2, and 42-3).  Therefore, the Court will consider those exhibits.

AHFC filed the pending motion on October 22, 2020. (Doc. 42).

## V.    DISCUSSION

The FCRA requires furnishers of financial information to provide accurate information.  The statute provides, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A).  Further, the statute prohibits information from being reported after the furnisher receives (1) notice of the alleged Errant Tradeline and (2) confirmation of its inaccuracy. 15 U.S.C. § 1681s-2(a)(1)(B).  If an individual notifies a furnisher about an alleged inaccuracy, the furnisher shall "conduct an investigation," "review all relevant information," and "report the results of the investigation to the consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1).  Furthermore, "if the investigation finds that the information is incomplete or inaccurate," the furnisher must report those findings to the consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1)(E).  And, "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation," the furnisher shall (1) "modify that item of information;" (2) "delete that item of information; or" (3) "permanently block the reporting of that item of information." 15 U.S.C. § 1681s-2(b)(1)(E).

Here, the Plaintiff alleges that these steps were not taken by AHFC.  She alleges that an Errant Tradeline exists in her financial report, which the Defendants have failed to remove.  The Plaintiff provided notice to the Defendants of the alleged inaccuracy in their reports in her dispute letters. (Doc. 42-2).  AHFC took steps to investigate her complaint

but found that the disputed information was not inaccurate.  AHFC did not change the disputed information in its report.  The Plaintiff brings two counts of FCRA violations against AHFC: negligent violation of 15 U.S.C. § 1681s-2(b) (count one) and willful violation of 15 U.S.C. § 1681s-2(b) (count two).  The Plaintiff alleges that AHFC either willfully or negligently (1) conducted an improper investigation and (2) provided inaccurate information after that investigation.  Although the Complaint combines both issues under the same Counts, the Court will take each issue in turn.

### A. Failure to conduct a proper investigation or review relevant information

In Counts One and Two, the Plaintiff alleges that AHFC negligently or willfully violated the FCRA because it failed to conduct a proper investigation. (Doc. 1 at 5–6). "The FCRA does not specify the nature and extent of the 'investigation' a furnisher of information must conduct under § 1681s-2(b)." *Hinkle v. Midland Credit Management, Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016).  However, the Eleventh Circuit has held that furnishers are held to the same standards as credit reporting agencies in conducting investigations. *Id.*  Therefore, furnishers are held to a "reasonableness" standard: they must "make *reasonable efforts* to investigate and correct" inaccurate information. *Id.* at 1302 (quoting *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) (emphasis added)); *see also Hunt v. JPMorgan Chase Bank, Nat'l Assoc.*, 770 F. App'x 452, 457 (11th Cir. 2019).  Whether an investigation is "reasonable" depends on the fact-specific circumstances of the case. *Hinkle*, 827 F.3d at 1302.

The Plaintiff does not allege any facts that suggest AHFC's investigation efforts were unreasonable.  The Plaintiff alleges that Honda either negligently or willfully "failed

to conduct a proper investigation of Plaintiff's dispute" as required by law. (Doc. 1 at 5). At this stage of the litigation, while the Court accepts as true the facts in the Complaint, *Ashcroft v. Iqbal*, 556 U.S. at 678, conclusory allegations, like this one, are not entitled to a presumption of truth. *See Twombly*, 550 U.S. at 554–55.  The Plaintiff does make two specific factual allegations regarding AHFC's investigation: the Complaint reads, "[t]he Furnishers did not consult the Credit Reporting Resource Guide as part of its [sic] investigation of Plaintiff's dispute," and "failed to review all relevant information available to it . . . ." (Doc. 1 at 4–5).  However, the Plaintiff presents no legal authority to support a finding that the failure to consult the Credit Reporting Resource Guide, an industry product, is unreasonable under the FCRA. *See Gibson v. Equifax Info. Servs.*, 2019 WL 4731957, at *3 (M.D. Ga. 2019) ("Failure to comply with the [Credit Reporting Resource Guide] does not create a federal claim where one did not already exist.").  Meanwhile, the allegation that AHFC "failed to review all relevant information" appears to refer to the Credit Reporting Resource Guide again, as no other specific facts relating to a failure "to review" are found within the complaint.  Consequently, this allegation alone simply does not support a claim for relief, or that AHFC failed to conduct its investigation with "careful inquiry." *Hinkle*, 827 F.3d at 1303.

As previously discussed, "[t]he ultimate question on a motion for judgment on the pleadings under Rule 12(c) is the same as on a motion to dismiss under Rule 12(b)(6)— whether the complaint states a claim for relief." *Powers*, 846 F. App'x at 757.  Absent any factual allegations supporting a finding of unreasonableness, the Complaint does not state a claim for relief regarding the inadequacy of AHFC's investigation pursuant to the FCRA.

7

Accordingly, the motion for judgment on the pleadings is due to be GRANTED as to the portion of Counts One and Two that allege failure to conduct adequate investigations.

## B. Inaccuracy

In Count One, the Plaintiff claims that AHFC's "Monthly Payment" line is inaccurate or misleading as an Errant Tradeline, violating the FCRA.

This claim requires the existence of an inaccuracy in AHFC's report. "Accuracy is quite clearly not a self-defining concept, and FCRA's fragmentary legislative history provides little, if any, guidance as to how Congress intended this standard to be applied." *Cahlin*, 936 F.2d at 1157. The Eleventh Circuit clarified how "accuracy" should be assessed further in the furnisher's context, explaining,

> [a]lthough a credit reporting agency has a duty to make a reasonable effort to report "accurate" information on a consumer's credit history, it has no duty to report only that information which is favorable or beneficial to the consumer. Congress enacted FCRA with the goals of ensuring that such agencies imposed procedures that were not only "fair and equitable to the consumer," but that also met the "needs of commerce" for accurate credit reporting. Indeed, the very economic purpose for credit reporting companies would be significantly vitiated if they shaded every credit history in their files in the best possible light for the consumer. Thus, the standard of accuracy . . . is an objective measure that should be interpreted in an evenhanded manner toward the interests of both consumers and potential creditors in fair and accurate credit reporting.

*Cahlin*, 936 F.2d at 1158 (footnote omitted). Therefore, courts consider whether a report is inaccurate or misleading in an "evenhanded manner toward the interests of both consumers and potential creditors." *Meeks v. Equifax Info. Servs., LLC*, 2019 WL 1856411, at *5 (M.D. Ga. 2019).

However, the requirement that a credit report be accurate also has been interpreted by the Eleventh Circuit to preclude reports from including *misleading* information. *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1281 (11th Cir. 2017).  Accordingly, courts have generally adopted the approach of considering whether Errant Tradelines are (1) inaccurate or (2) misleading in the furnisher context under 15 U.S.C. § 1681s-2(b). *See*, *e.g.*, *Foster v. Santander Consumer USA, Inc.*, 2019 WL 3490463, at *11 (N.D. Ga. 2019); *Jackson v. Equifax Info. Servs., LLC*, 2019 WL 179570, at *3–4 (M.D. Ga. 2019).  In doing so, these courts specifically addressed complaints whether monthly payment lines were inaccurate or misleading when they were listed under closed or charged off loans.  Yet some courts put a premium on accuracy above whether the monthly payment lines are misleading, producing divergent results.

For example, in *Meeks v. Equifax Information Services, LLC*, the court focused on whether the monthly payment line was accurate or not.  There, the plaintiff argued that a scheduled monthly payment line for a closed loan account was inaccurate and damaging to his credit. *Id.* at *5.  In that case, the loan showed that the plaintiff's balance was $0, that the pay status was "charged off," and that the terms of the loan were "$613 per month." *Id.* The court found that the monthly payment line was neither inaccurate nor damaging.  The court explained, "when the [ ] account is viewed as a whole, it is undeniable that there exists no ongoing obligation for payment. The [ ] account is clearly reported as closed, charged-off, purchased by another lender, and with a $ 0 balance. The mere presence of historical monthly payment terms neither causes confusion nor creates an inaccuracy." *Id.*

at *6.  The *Meeks* court believed that the context of the monthly payment line prevented it from being inaccurate or even misleading.

By comparison, another court denied a motion to dismiss because it believed the report was inaccurate or misleading when the plaintiff complained about a monthly payment line of $498 when the balance on the loan was $0. *Jackson v. Equifax Info. Servs., LLC*, 2019 WL 179570, at *3.  The court found a plausible claim of inaccuracy because the credit report specifically listed a "balance" owed and "amount past due" of $7,411. *Id.* at *4.  Since the loan actually was closed, the listed monthly payment could have been misleading or inaccurate. *Id.*  And, in *Lovelace v. Equifax Info. Servs., LLC*, 2019 WL 2410800 (D. Ariz. 2019), the court found that "a credit report showing a 'scheduled monthly payment' of more than $ 0 for an account that is closed is inaccurate on its face." *Id.* at *4.  However, that court specifically did not review evidence of a screenshot submitted on the motion to dismiss that showed the loan also was listed as "Charged Off" and "PAID IN FULL." *Id.* at *2.  Furthermore, in *Ellis v. Equifax Info. Servs., LLC*, 2019 WL 3503538 (N.D. Ga. 2019), the court found that another monthly payment line was inaccurate when the balance on the loan was $0, but the court again did not review the context of the payment line because the parties disputed the authenticity of the contextual evidence. *Id.* at *3–4 n.2.  Finally, the court in *Foster v. Santander Consumer USA, Inc.*, 2019 WL 3490463, at *13 (N.D. Ga. 2019), determined that, because the plaintiff alleged both inaccuracy *and* the potential to mislead, the complaint in that case raised a question of fact sufficient to survive a motion to dismiss.

Upon review, the Court finds that this case is more like *Meeks* than those cases wherein the motion to dismiss was denied.  Like in *Meeks*, the balance listed by AHFC says "$0," and the account is listed as "closed." (Doc. 42-2 at 9).  There is little opportunity for confusion when the alleged Errant Tradeline is reviewed in context—"it is not plausible that the existence on the credit disclosure of plaintiff's former monthly payment obligation could materially mislead a prospective lender about the nature of his current obligations." *Meeks*, 2019 WL 1856411, at *7. *See also Gibson*, 2019 WL 4731957, at *4.  The context of the report reveals that the monthly payment line is neither inaccurate nor misleading.

Because the Plaintiff does not state a claim for which relief may be granted, AHFC is entitled to judgment on the pleadings.  The motion is due to be granted.

## VI.    CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the motion for judgment on the pleadings, (doc. 42), is GRANTED. Defendant American Honda Finance Corporation is DISMISSED with prejudice.

DONE this 8th day of June, 2021.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE