IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 3:20-cv-128-ECM |
| | ) | (WO) |
| ALLY FINANCIAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court is Defendant Ally Financial, Inc.'s motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). (Doc. 58).[1] In her complaint, Plaintiff Yolanda Bruce ("Bruce"), asserts that Defendant Ally Financial, Inc. ("Ally") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, by reporting a former loan continues to have a "monthly payment" of $884.00 although the loan is "closed" with a zero balance. According to Bruce, the "monthly payment" line on her credit reports creates the impression that she still has an outstanding loan and has upcoming payments each month of $884.00. Ally denies the Plaintiff's allegations and responds that the credit reports obviously show that Bruce's loan is no longer outstanding because the loan is reported as "closed" and shows a balance of $0.

---

[1] The Court will refer to the page numbers generated by CM/ECF.

On June 8, 2021, the Court granted Defendant American Honda Finance Corporation's ("AHFC") motion for judgment on the pleadings (doc. 55). Thereafter, counsel for the Plaintiff moved to withdraw which the Court permitted. The Court then gave the Plaintiff an opportunity to retain new counsel, and specifically advised the Plaintiff that "[i]f no counsel appears" by July 9, 2021, the Court would "assume that Bruce is proceeding *pro se* . . . in this matter." (Doc. 56). No counsel has appeared on Bruce's behalf.

On June 28, 2021, Ally filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), (doc. 58), to which the Plaintiff has not responded. Upon consideration of the motion, and for the reasons that follow, the Court concludes that the motion is due to be GRANTED, and Ally is entitled to judgment on the pleadings.

## II. JURISDICTION

The Court exercises federal subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

Personal jurisdiction and venue are uncontested.

## III. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335. "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (quoting *Andrx Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232–33 (11th Cir. 2005)).

"The standards for reviewing decisions on motions to dismiss and motions for judgment on the pleadings are the same: whether the count stated a claim for relief." *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018) (internal quotations omitted). And to determine whether each count states a claim for relief, the Court reviews the complaint under the familiar standard of FED. R. CIV. P. 8(a)(2): the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra.*

## IV.  BACKGROUND

On August 5, 2018, Bruce obtained copies of her credit reports from Equifax and Trans Union Credit.  In the reports, Ally reported a loan that included the following:

| | |
|---|---|
| Account Type | Automobile |
| Account Status | Closed |
| Closed Date | Aug. 20, 2015 |
| Monthly Payment | $884 |
| Balance | $0 |

(Doc. 59-1 at 3).[2]

On November 19, 2018, Bruce sent Trans Union a dispute letter, challenging the report as inaccurate because the credit reporting agencies were "reporting that I owe a monthly payment of $884.  This is incorrect as this account has been closed and has a zero

---

[2]  Ally filed the Plaintiff's credit report, her dispute letter to Trans Union and the reporting agencies' responses as exhibits to its motion for judgment on the pleadings.  (Doc. 59-1, 59-2, and 59-3).  In general, when the Court considers matters outside the pleadings on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in this case, a motion for judgment on the pleadings, the motion is converted into a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  However, the Court may consider exhibits attached to the motion to dismiss or motion for judgment on the pleadings in certain circumstances.

> Our Rule 12(b)(6) decisions have adopted the "incorporation by reference" doctrine, *see In re Silicon Graphics Inc. Securities Litigation,* 183 F.3d 970 (9th Cir. 1999), under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *See Harris v. Ivax Corp.,* 182 F.3d 799, 802 n. 2 (11th Cir. 1999). "Undisputed" in this context means that the authenticity of the document is not challenged. *See, e.g., Beddall v. State Street Bank and Trust Co.,* 137 F.3d 12, 16–17 (1st Cir. 1998); *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir.1997); *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994).

*Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Bruce refers to the credit report and her dispute letter in her complaint, the report and dispute letter are central to her claims, and she does not challenge the authenticity of the documents.  Consequently, the Court will consider those exhibits when ruling on the motion for judgment on the pleadings.

balance. I no longer have an obligation to make monthly payments. Please report the monthly payment as $0.00." (Doc. 59-2 at 2).

The Plaintiff asserts that because the loan was closed, Ally should not be reporting a "monthly payment" for the loan, and the "monthly payment" line is an inaccurate—or "Errant"—tradeline. Specifically, Bruce asserts that, by including the monthly payment amount, the credit reports create the impression that she still owes $884 every month on the Ally loan. Although Bruce sent dispute letters to both Equifax and Trans Union, after review, her credit reports did not change. (Doc. 59-3 at 2-7).

The Plaintiff filed her complaint on February 24, 2020, alleging financial and emotional damages due to Errant Tradeline reporting by Defendants AHFC[3] and Ally. (Doc. 1).

Ally filed the pending motion on June 28, 2021. (Doc. 58).

## V. DISCUSSION

The FCRA requires furnishers of financial information to credit reporting agencies to provide accurate information. The statute provides, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Further, the statute prohibits information from being reported after the furnisher receives (1) notice of the alleged inaccurate information and (2) confirmation of its inaccuracy. 15 U.S.C. § 1681s-2(a)(1)(B). Upon receipt of information that an

---

[3] As previously noted, the Court granted AHFC's motion for judgment on the pleadings on June 8, 2021 and dismissed it as a defendant in this action. (Doc. 55).

individual disputes the accuracy of reported information, the furnisher shall "conduct an investigation," "review all relevant information," and "report the results of the investigation to the consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1). Furthermore, "if the investigation finds that the information is incomplete or inaccurate," the furnisher must report those findings to the consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1)(E). And, "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation," the furnisher shall (1) "modify that item of information;" (2) "delete that item of information; or" (3) "permanently block the reporting of that item of information." 15 U.S.C. § 1681s-2(b)(1)(E).

In this case, the Plaintiff alleges that Ally failed to take these remedial steps. She alleges that Ally failed to investigate her dispute and review all relevant information, and that it continues to report an Errant Tradeline in her credit reports. The Plaintiff alleges two FCRA claims against Ally: negligent violation of 15 U.S.C. § 1681s-2(b) (count three) and willful violation of 15 U.S.C. § 1681s-2(b) (count four). The Plaintiff alleges that Ally either negligently or willfully (1) failed to conduct an improper investigation and review all relevant information as part of that investigation, and (2) failed to correct the allegedly inaccurate information. Although the Complaint alleges both issues in each Count, the Court will separately address the issues.

### A. Failure to conduct a proper investigation or review relevant information

The Plaintiff alleges that Ally negligently or willfully violated the FCRA because it failed to conduct a proper investigation, including reviewing all relevant information. (Doc. 1 at 7–9). "The FCRA does not specify the nature and extent of the 'investigation' a

6

furnisher of information must conduct under § 1681s-2(b)." *Hinkle v. Midland Credit Mgmt, Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016). However, the Eleventh Circuit has held that furnishers are held to the same standards as credit reporting agencies in conducting investigations. *Id.* Therefore, furnishers must "make *reasonable efforts* to investigate and correct" inaccurate information. *Id.* at 1302 (quoting *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) (emphasis added)). Whether an investigation is "reasonable" depends on the fact-specific circumstances of the case. *Hinkle*, 827 F.3d at 1302.

> Regardless of the nature of the investigation a furnisher conducted, a plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that *had* the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information. Absent that showing, a plaintiff's claim against a furnisher necessarily fails, as the plaintiff would be unable to demonstrate any injury from the allegedly deficient investigation. And, in turn, a plaintiff cannot demonstrate that a reasonable investigation would have resulted in the furnisher concluding that the information was inaccurate or incomplete without identifying some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete.

*Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018).

The Plaintiff does not allege any facts that suggest Ally's investigation was unreasonable. The Plaintiff alleges that Ally either negligently or willfully "failed to conduct a proper investigation of Plaintiff's dispute" as required by law. (Doc. 1 at 7, 9). At this stage of the litigation, while the Court accepts as true the facts in the Complaint,

7

*Iqbal*, 556 U.S. at 678, conclusory allegations, like this one, are not entitled to a presumption of truth. *See Twombly*, 550 U.S. at 554–55.

Bruce points to no fact or information that Ally would have uncovered as inaccurate or incomplete if it had conducted a different investigation. In the Complaint, the Plaintiff makes two specific factual allegations regarding Ally's investigation: "[t]he Furnishers did not consult the Credit Reporting Resource Guide as part of its [sic] investigation of Plaintiff's dispute," (doc. 1 at 4), and "failed to review all relevant information available to it . . . ." (*Id.* at 7, 9). However, the Plaintiff presents no legal authority to support a finding that the failure to consult the Credit Reporting Resource Guide, an industry product, is unreasonable under the FCRA. *See Gibson v. Equifax Info. Servs., LLC*, 2019 WL 4731957, at *3 (M.D. Ga. 2019) ("Failure to comply with the [Credit Reporting Resource Guide] does not create a federal claim where one did not already exist."). In addition, while the allegation that Ally "failed to review all relevant information" could refer to the Credit Reporting Resource Guide, the Plaintiff alleges no specific facts relating to her failure "to review" claim. Consequently, this allegation alone simply does not support a claim for relief, or that Ally failed to conduct its investigation with "careful inquiry." *Hinkle*, 827 F.3d at 1303. "[W]ithout identifying some fact in the record establishing that the information [Ally] reported regarding her account was inaccurate or incomplete, . . . [Ally] is entitled to judgment as a matter of law." *Felts*, 893 F.3d at 1313.

Because Bruce has failed to allege factual allegations sufficient to support a finding of unreasonableness, the Complaint does not state a claim for relief against Ally based on its investigation pursuant to the FCRA. Accordingly, the motion for judgment on the

pleadings is due to be granted as to the portion of Counts Three and Four that allege failure to conduct adequate investigations.

**B. Inaccuracy**

The Plaintiff also alleges that Ally's reporting of a monthly payment amount is inaccurate or misleading as an Errant Tradeline, and thus, violates the FCRA. When considering whether a credit report "inaccurate" within the meaning of the FCRA, "a report must be factually incorrect, objectively likely to mislead its intended user, or both to violate the maximal accuracy standard of the Fair Credit Reporting Act." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020).

The FCRA requires that a credit report "be both technically accurate and not misleading." *Id.* at 1251. In this case, Ally reported Bruce's automobile loan account as "closed," on August 20, 2015, with the balance of the loan reported as zero balance and zero past due.[4] (Doc. 59-1 at 3). There is no dispute that the reports are factually accurate in that the loan is closed, has no balance and there is no past due owing. Bruce also does not challenge that the loan payment, while the loan was active, was $884 per month. Thus, the report was accurate. Reviewing the review objectively, the Court concludes that the report was not misleading. Because the Plaintiff does not state a claim for which relief may be granted, Ally is entitled to judgment on the pleadings, and its motion is due to be granted.

---

[4] This is not a situation where the monthly payment line was "$0" but also reported was an "amount past due." *See Jackson v. Equifax Info. Servs., LLC,* 2019 WL 179570, at *3 (M.D. Ga. 2019). In that case, the court found a plausible claim of inaccuracy because the credit report specifically listed a "balance" owed and "amount past due" of $7,411. *Id.* at *4.

9

## VI.  CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the motion for judgment on the pleadings, (doc. 58), is GRANTED. Defendant Ally Financial, Inc. is DISMISSED with prejudice.

There are no remaining claims or defendants in this action, and this case is closed.

DONE this 24th day of September, 2021.

          /s/ Emily C. Marks
         EMILY C. MARKS
         CHIEF UNITED STATES DISTRICT JUDGE